UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LESESTER D. MCDAUGHTERY,<br><br>    Plaintiff,<br><br>    v.<br><br>CARLOS ARCE,<br><br>    Defendant. | Case No. 25-cv-02474-JSC<br><br>**ORDER OF DISMISSAL WITH LEAVE TO AMEND; DENYING MOTION FOR APPOINTMENT OF COUNSEL**<br><br>(ECF No. 7) |

## INTRODUCTION

Plaintiff, a California prisoner proceeding without an attorney, filed this civil rights action under 42 U.S.C. § 1983 against the Warden of the California Training Facility ("CTF"). Leave to proceed in forma pauperis is granted in a separate order. For the reasons discussed below, the complaint is dismissed with leave to amend.

## STANDARD OF REVIEW

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must identify claims that are capable of being judicially heard and decided or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b). Pleadings filed by parties unrepresented by an attorney must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only give the defendant fair notice of what the . . . . claim is and the grounds upon

which it rests." *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted). Although to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 550 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 555.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

## DISCUSSION

Plaintiff alleges "staff" at CTF "conspired to murder" him and "agitated the general population" to kill him by posting information on the internet that Plaintiff is a pedophile. (ECF No. 1 at 2-3.) Plaintiff does not identify the staff members who took these actions or name them as defendants. The only official he sues is the CTF Warden Carlos Arce, but he alleges no actions or omissions by Arce.

At the pleading stage, "[a] plaintiff must allege facts, not simply conclusions, that show that an individual was personally involved in the deprivation of his civil rights." *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998). Plaintiff does not allege any conduct by Arce or any involvement in the alleged violation of his rights. The fact that Arce was in a supervisory role is not on its own sufficient to make him legally liable for his subordinates' alleged violation of Plaintiff's rights. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) (under no circumstances is there respondeat superior liability under Section 1983). Accordingly, the complaint does not state a claim that is capable of judicial determination against Arce. Plaintiff will be granted leave to amend his complaint to cure this deficiency by alleging conduct by Arce that caused a violation of Plaintiff's rights and/or naming other prison official(s) who violated his rights and alleging conduct by them that caused a violation of his rights.

**CONCLUSION**

For the foregoing reasons,

1. The complaint is DISMISSED WITH LEAVE TO AMEND. The amended complaint must include the caption and civil case number used in this order (No. C 25-2474 JSC (PR)) and the words "COURT-ORDERED FIRST AMENDED COMPLAINT" on the first page. Because an amended complaint completely replaces the original complaint, *see Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992), Plaintiff may not incorporate material from the original by reference; he must include in his amended complaint all the claims and allegations he wishes to present. <u>If Plaintiff fails to file an amended complaint within the designated time, or if the amendment is not sufficient, the case will be dismissed.</u>

2. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address." He also must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). Reasonable requests for an extension of a deadline will be allowed upon a showing of good cause if the request is filed prior to the deadline.

3. Plaintiff's motion for appointment of counsel is DENIED. There is no right to counsel in a civil case such as this. The interest of justice does not require Plaintiff to be represented by an attorney because the claims are not particularly complex, nor has Plaintiff demonstrated he is incapable of pursuing them at this time. If circumstances arise requiring his representation in the interest of justice, such as the necessity of trial, the Court will on its own motion refer this case for location of pro bono counsel to represent him.

This order resolves docket number 7.

**IT IS SO ORDERED.**

Dated: April 23, 2025

JACQUELINE SCOTT CORLEY
United States District Judge